UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**MARK ALLEN RANDALL,**

                Plaintiff,

v.                                               **Case No. 16-cv-146-pp**

**WALTER REED US ARMY MEDICAL
HOSPITAL, and VETERANS ADMINISTRATION
HOSPITAL, Milwaukee, Wisconsin,**

                Defendants.

---

**DECISION AND ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS* (DKT. NO. 2), SCREENING PLAINTIFF'S COMPLAINT (DKT. NO. 1), AND DISMISSING CASE**

---

       The plaintiff was incarcerated at the Winnebago Correctional Center when he filed this *pro se* complaint alleging that the defendants violated his civil rights. This order resolves the plaintiff's motion for leave to proceed *in forma pauperis* and screens the plaintiff's complaint.

       **I.**     ***IN FORMA PAUPERIS* STATUS**

       The Prison Litigation Reform Act applies to this action because the plaintiff was incarcerated when he filed his complaint. 28 U.S.C. §1915. That law allows a court to give an incarcerated plaintiff the ability to proceed with his lawsuit without pre-paying the civil case-filing fee, as long as he meets certain conditions. One of those conditions is a requirement that the plaintiff pay an initial partial filing fee. 28 U.S.C. §1915(b). Once the plaintiff pays the

1

initial partial filing fee, the court may allow the plaintiff to pay the balance of the $350 filing fee over time, through deductions from his prisoner account. Id.

On February 11, 2016, the court issued an order requiring the plaintiff to pay an initial partial filing fee of $29.40. Dkt. No. 4. The court received the initial partial filing fee on February 25, 2016. Although the plaintiff is now out of custody, the court will grant the plaintiff's motion for leave to proceed *in forma pauperis* because he was unable to pay the full filing fee when he filed the case. The plaintiff still must pay the $320.60 balance of the filing fee in full, however. 28 U.S.C. § 1915(b)(1). The plaintiff must submit payments to the clerk of court, and shall clearly identify the payments by the case name and number.

**II.    SCREENING OF PLAINTIFF'S AMENDED COMPLAINT**

A.    Standard for Screening Complaints

The law requires the court to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss part or all of a complaint if the plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). The court is obliged to give the plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

2

To state a claim under the federal notice pleading system, the plaintiff must provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). A plaintiff does not need to plead specific facts, and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." Id. (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts follow the principles set forth in Twombly. First, they must "identify[] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Iqbal, 556 U.S. at 679. A plaintiff must support legal conclusions with factual allegations. Id. Second, if there are well-pleaded factual allegations, courts must "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id.

3

B.  Facts Alleged in the Proposed Complaint

According to the plaintiff's complaint, he was on combat duty in Iraq from March 2004 to sometime later in 2004. Dkt. No. 1 at 2. On August 25, 2005, he was released from active duty. Id. He alleges that he returned from Iraq with ugly, painful sores. Id. at 2-3. The plaintiff alleges that the military and the Veterans Administration failed to acknowledge that he had the sores. Id. at 3.

The plaintiff alleges that he conducted "endless research online," and finally discovered on WebMD,[1] in September 2010, pictures representing the sores he gets. Id. at 3. The plaintiff immediately contacted his local family doctor in Escanaba, Michigan. Id. On October 14, 2010, the doctor conducted a biopsy, and sent the sample to the Leishmania Diagnostics Laboratory at Walter Reed U.S. Army Medical Hospital. Id. On October 19, 2010, the lab confirmed that the plaintiff has a disease called Leishmanasis, which can only be contracted in third world countries (of which the plaintiff alleges that Iraq is one). Id.

After receiving the news, the plaintiff contacted the lab at Walter Reed and found out that the disease has two stages. Id. The first stage involves sores on the outside of the body, and is treatable. Id. In the second stage, the sores "go internal," and there is no cure. Id. at 4. They will begin to shut the plaintiff's organs down and kill him. Id. The lab informed the plaintiff that the

---

[1] Accessed at www.webmd.com.

only place to treat this disease is at Walter Reed. Id. The treatment involves intense intravenous infusions four times a day for thirty consecutive days. Id.

The Veterans Administration did nothing else for the plaintiff until July 29, 2013, when they agreed to pay the plaintiff 10% disability ($130/month). Id. They did not treat the plaintiff's disease. Id. The plaintiff was in custody when he filed this complaint, and had been "locked up" since October 21, 2013. Id. The plaintiff still gets sores, sometimes up to a dozen at a time, which he indicates his medical records can verify. Id. Knowing about his illness has put a great burden on the plaintiff and his family. Id. He lives in constant fear, depression, and mental anguish, and even attempted suicide in 2009, though that was before his diagnosis. Id.

The plaintiff says that when he has written to the Veterans Administration or sought help through an attorney, Senator Tammy Baldwin, or Representative Ron Kind, he has gotten little to no response. Id.

The plaintiff alleges that these facts demonstrate violation of his Eighth Amendment right to be protected from cruel and unusual punishment, and thus violate his civil rights under 42 U.S.C. §1983. Id. The plaintiff names only two defendants: Walter Reed U.S. Army Medical Hospital and the V.A. Hospital in Milwaukee Wisconsin. Id. at 1. For relief, he asks the court to have the medicine to treat his disease sent to the V.A. Hospital in Milwaukee or for his family to be flown to Walter Reed to be treated, with all expenses (transportation, hotel, and food) paid by the Veterans Administration. Id. at 5. In the alternative, the plaintiff states that he is willing to settle for $3.5 million,

5

an increase in his disability rating to 90-100% for life, and/or full college tuition for his daughter, so that she can pursue whatever degree she desires at whatever school she chooses. Id.

  C. <u>Legal Analysis of Alleged Facts</u>

  The plaintiff frames his claims as Eighth Amendment violations under 42 U.S.C. §1983, and also says there has been "blatant neglect, medical neglect, and a total disregard for human life." Dkt. No. 1 at 4. Section 1983 allows a plaintiff to sue any "person" who, "under color of any [law] of any State," deprives the plaintiff of his constitutional rights. Neither Walter Reed U.S. Army Medical Hospital nor the V.A. Hospital in Milwaukee, Wisconsin are "persons." Neither act under color of *state* law. Neither the United States nor federal agencies are proper defendants under §1983; they are "excluded from the scope of section 1983 liability." <u>Hindes v. F.D.I.C.</u>, 137 F.3d 148, 159 (3d Cir. 1998) (quoting <u>Hoffman v. United States Dep't of Hous. & Urban Dev.</u>, 519 F.2d 1160 1160, 1165 (5th Cir. 1975)).

  The United States Supreme Court's decision in <u>Bivens v. Six Unknown Federal Narcotics Agents</u>, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), authorizes a plaintiff to file a constitutional tort suit against federal officers in much the same way that 42 U.S.C. §1983 authorizes such suits against state officers. However, the plaintiff has not named any federal officers. Instead, his claims are against the hospitals, and the primary relief he requests is treatment for his disease. The hospitals' decision whether to provide, and fund, the treatment for the plaintiff's disease is a benefits determination.

6

Under 38 U.S.C. §511, a district court is barred from reviewing benefits determinations made by the Veterans Administration. Hassan v. U.S. Dept. of Veterans Affairs, 137 Fed.Appx. 418, 420 (2d Cir. 2005). Section 511(a) provides that, subject to exceptions not applicable here, "the decision of the Secretary [of Veterans Affairs] as to any such question shall be final and conclusive and may not be reviewed by any other official or by any court, whether by an action in the nature of mandamus or otherwise." Id.; see also Sugrue v. Derwinski, 26 F.3d 8, 11 (2d Cir. 1994). "Section 511(a) is designed to (1) ensure that benefits claims will not burden the courts and the VA with litigation, and (2) promote the adequacy and uniformity of complex veterans' benefits decisions." Id. (citing Johnson v. Robison, 415 U.S. 361, 369-70, 94 S.Ct. 1160, 1166-67, 39 L.Ed.2d 389 (1974)).

Although the plaintiff's complaint invokes the Eighth Amendment and is styled as a constitutional action, "the courts do not acquire jurisdiction to hear challenges to benefits determinations merely because those challenges are cloaked in constitutional terms." Sugrue, 26 F.3d at 11 (citations omitted).

By law, then, the court cannot exercise jurisdiction over the plaintiff's claim that the Veterans' Administration and Walter Reed should provide him treatment. While courts generally give *pro se* plaintiffs leave to amend a deficient complaint, a district court may deny leave to amend when amendment would be futile. Hassan v. United States Dep't of Veteran Affairs, 137 Fed.Appx. 418, 420 (2d Cir. 2005). Such is the case here. The plaintiff is free to explore the benefits/claims denial process provided for by the VA, but this court does

7

not have the authority to order the VA (or Walter Reed) to change decisions about how to classify his disability status, or whether (and how) to treat him.

### III. ORDER

The court **GRANTS** the plaintiff's motion for leave to proceed *in forma pauperis*. Dkt. No. 2. The plaintiff must pay $320.60 balance of the filing fee in full. 28 U.S.C. § 1915(b)(1). The plaintiff shall submit payments to:

> Clerk of Court, Eastern District of Wisconsin
> 517 East Wisconsin Avenue
> Room 362
> Milwaukee, WI 53202

The plaintiff shall clearly identify the payments by the case name and number. The clerk's office accepts cash, personal and business checks, money orders, cashier's checks, and credit cards. Checks should be made payable "Clerk, US District Court."

The court **ORDERS** that this case is **DISMISSED** for lack of subject matter jurisdiction. The court orders the clerk of court to enter judgment accordingly.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within 30 days of the entry of judgment. See Federal Rule of Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. See Federal Rule of Appellate Procedure 4(a)(5)(A).

8

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within 28 days of the entry of judgment. The court cannot extend this deadline. See Federal Rule of Civil Procedure 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. See Federal Rule of Civil Procedure 6(b)(2).

The court expects parties to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

**I FURTHER CERTIFY** that if the plaintiff appeals from this decision, he would not file that appeal in good faith pursuant to 28 U.S.C. §1915(a)(3), unless he offers *bona fide* arguments supporting his appeal.

Dated in Milwaukee, Wisconsin this 30th day of May, 2016.

BY THE COURT:

HON. PAMELA PEPPER
United States District Judge